**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| TRINA MILLER, | : | |
| Plaintiff, | : | Case No.  3:07cv00393 |
| vs. | : | District Judge Walter Herbert Rice |
| | | Magistrate Judge Sharon L. Ovington |
| FRANCES LINK, *et al.*, | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATIONS[1]**

Plaintiff Trina Miller brings this case claiming that Defendants Frances Link and Greene County, Ohio Sheriff's Office violated her rights under the United States Constitution.  This case is presently before the Court upon Defendant Greene County, Ohio Sheriff's Office's (Defendant's) Motion to Dismiss (Doc. #10), to which Plaintiff has not responded.

When evaluating a Rule 12(b)(6) Motion to Dismiss for failure to state a claim, the Court determines, based on the Complaint's well-pled allegations, "whether plaintiff undoubtedly can prove no set of facts in support of those allegations that would entitle him to relief." *Eidson v. State of Tenn. Dept. Of Children's Serv.*, 510 F.3d 631, 634 (6th Cir. 2007).  In doing so, the Court accepts the plaintiff's factual allegations as true and

---

[1]  Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

construes them in the plaintiff's favor. *Eidson*, 510 F3d at 634; *see Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 541 (6th Cir. 2007). "[T]o survive a motion to dismiss, the complaint must contain either direct or inferential allegations respecting all material elements to sustain recovery under some viable legal theory.... Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Eidson*, 510 F.3d at 634 (citing in part *Bell Atlantic v. Twombly*, __ U.S.__, 127 S.Ct. 1955, 1965 (2007)).

In the absence of opposition by Plaintiff, Defendant's Motion to Dismiss establishes that the Greene County, Ohio Sheriff's Office is not an entity capable of being sued. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *see also Hall v. City of Columbus*, 2 F.Supp.2d 995, 996 (S.D. Ohio 1998) (Marbley, D.J); *Williams v. Dayton Police Dept.*, 680 F.Supp. 1075, 1080 (S.D. Ohio 1987) (Rice, D.J.).

Accordingly, Defendant's Motion is well taken. This conclusion does not warrant dismissal of Plaintiff's Complaint since claims remain pending against Defendant Frances Link.

**IT IS THEREFORE RECOMMENDED THAT:**

Defendant Greene County, Ohio Sheriff's Office's Motion to Dismiss (Doc. #10) be GRANTED.

August 20, 2008
_____                                             s/ Sharon L. Ovington
                                                             Sharon L. Ovington
                                         United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written

objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

      Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).